UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 22-283 (SRN/TNL)

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                    **ORDER**

SAMEUL ORLO SCHAFER,

    Defendant.

This matter was before the Court on December 8, 2022, upon Defendant's Motion to Reconsider Pretrial Detention (ECF No. 25). The Defendant, Samuel Orlo Schafer (Mr. Schafer) was present along with his counsel, Andrew Mohring. The Government was represented by Evan B. Gilead, Assistant United States Attorney.

In this matter, Mr. Schafer is charged in a two-count Indictment with (1) Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 3147(1); and (2) Possession of a Firearm with an Obliterated Serial Number, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B), and 3147(1). Prior to the Mr. Shafer's Indictment, a Criminal Complaint was filed against him in 22-mj-800 JFD. On September 30, 2022, the Honorable Jon T. Huseby held preliminary probable cause and detention hearings where the parties argued the merits of probable cause and continued detention. The Court, after

having received testimony and argument, considered the parties' positions and ordered Mr. Shafer detained. *See e.g.,* ECF No. 15 (22-283). At that time, the Court was "particularly concerned with Mr. Schafer's history and recurring patterns of violations of supervision, failures to abide by court-imposed conditions which often result in new criminal activity, and violation of the pretrial conditions for his pending federal case (*United States v. Dobbelaere, et al.*, 22-cr-186 (SRN/TNL)." *Id.* at 2. Further, the Court noted that "while on pretrial release, Mr. Schafer obtained a firearm with an obliterated serial number and made threats of harm regarding law enforcement officers tasked with investigating his pending federal case." *Id.*

On November 26, 2022, Mr. Shafer filed his Motion to Reconsider Pretrial Detention (ECF No. 25). Under the Bail Reform Act, a judicial officer may reopen a detention hearing at any time before trial "if the judicial officer finds that information exists that was not known the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the [defendant's appearance] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). "In other words, to reopen a detention hearing a defendant must, first, 'present [ ] information that was not known or available to him at the time of his original detention hearing,' and then, second, show that such information 'is material to and has a substantial bearing on whether he should

remain detained.'" *United States v. Petters*, No. 08-364 (RHK/AJB), 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009) (quoting *United States v. Archambault*, 240 F. Supp. 2d 1082, 1084 (D.S.D. 2002)).

Mr. Shafer's request for bond reconsideration rests almost exclusively on his contention that his review and admission into the Minnesota Adult and Teen Challenge residential treatment program is a material changed circumstance. At the hearing, Mr. Shafer's counsel also argued that the Defendant's time spent in custody is a material changed circumstance. Neither of these arguments is availing to this Court. First, Mr. Shafer presented his argument for release to a residential treatment program, and specifically requested pretrial release to Minnesota Adult and Teen Challenge, at his original detention hearing. As evidenced by his detention status, Mr. Shafer's request was impliedly rejected by the Court. As such, the Court finds that actual admission into Minnesota Adult and Teen Challenge is not a material changed circumstance. Additionally, the Court finds that the accruement of custodial time is not a material changed circumstance which warrants the relief Mr. Shafer requests.

Moreover, even if admission into the Minnesota Adult and Teen Challenge residential treatment program or time spent is custody are material changed circumstances, the Court is not inclined to release Mr. Shafer. Based on the reasons outlined by the Court at Mr. Shafer's original detention hearing,

even assuming a material changed circumstance, this Court would determine that Mr. Shafer presents a risk of danger such that no condition or combination of conditions would reasonably assure the safety of the community.

Accordingly, the Defendant's Motion to Reconsider Pretrial Detention (ECF No. 25) is **DENIED**.

Dated: January 5, 2023         *s/ Tony N. Leung*
                               THE HONORABLE TONY N. LEUNG
                               United States Magistrate Judge